**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

CHRISTOPHER HOWARD THOMAS,

      Plaintiff,

v.                                                                Case No. 6:14-cv-1427-Orl-37KRS

CHAD GOODLING,

      Defendant.

---

### ORDER

This cause is before the Court on the following:

1.     Court's Order dated March 18, 2016 (Doc. 20); and

2.     Defendant's Response to Show Cause Order (Doc. 21), filed March 18, 2016.

In accordance with its Case Management and Scheduling Order (Doc. 12 ("**CMSO**")) and subsequent notice as to time change (Doc. 18 ("**Time Change**")), the Court held a final pretrial conference in this matter on March 17, 2016. Defense counsel ("**Counsel**") did not attend.

The following day, the Court ordered Counsel to show cause by written response why the Court should not strike Defendant Chad Goodling's ("**Goodling**") defenses and enter judgment in favor of the Plaintiff. (Doc. 20.) In response, Counsel submits that his failure to comply with the Court's CMSO "stemmed from an administrative oversight that was ultimately his fault"—specifically, his scheduling paralegal, who had been delegated the responsibility to manage the calendar, did not document the Time Change ("**Oversight**"). (Doc. 21.)

While Counsel acknowledges that the Oversight warrants sanctions, he contends that "it would be too severe a punishment for [Goodling] if this Court were to strike the pleadings and enter a default" because: (1) he has not demonstrated a pattern of delay and (2) the Oversight was not a deliberate or willful refusal to comply with the Court's orders. (*Id.*)

Upon consideration, the Court agrees that striking Goodling's defenses and entering default is too harsh a sanction for Goodling to bear based on Counsel's failings. Rather, the Court finds that a monetary fine, paid by Counsel to Plaintiff, is a sufficient and appropriate sanction under the circumstances. Counsel is warned that he may not charge to, collect from, or "pass on" this sanction to Goodling in any manner.

### CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1.    The Court's Order dated March 18, 2016 (Doc. 20), is **DISCHARGED**.

2.    On or before Thursday, **March 31, 2016**, defense counsel, Austin L. Moore, is **ORDERED** to pay Plaintiff Christopher Howard Thomas a fine in the amount of **$500.00**. Counsel shall then promptly file certification of payment with the Court. Counsel is advised that the Court will impose harsher sanctions if he fails to timely comply with the requirements of this Order, Local Rules, and all other Orders entered in this action.

3.    This action is continued to the trial term commencing on Monday, **May 2, 2016**. The Final Pre-trial Conference is rescheduled for Thursday, **April 21, 2016** at **10:00 a.m**.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on March 23, 2016.



ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record